# United States Court of Appeals

## For the Eighth Circuit

_____

No. 14-1267

_____

KeOndra M. Chestang

*Plaintiff - Appellant*

v.

Varner Super Max, Classification Committee; Tucker Maximum Security Unit, Arkansas Department of Correction, Classification Committee; Roy Agee, Classification Administrator; Larry May, Assistant Director, Arkansas Department of Correction; Ray Hobbs, Director, Arkansas Department of Correction; Minnie L. Drayer, Disciplinary Judge; Grant Harris, Warden, Arkansas Department of Correction; John Whaley, Assistant Warden of Security, Arkansas Department of Correction; Revonna Walker, Classification Supervisor, Arkansas Department of Correction; Bobby Washington, Security Captain, Arkansas Department of Correction; J. Banks, Warden, Arkansas Department of Correction; C. Meinzer, Assistant Warden, Varner Supermax Unit, Arkansas Department of Correction; M. McConnell, Classification Supervisor; Stephens, Security, Arkansas Department of Correction; Straughn, Warden, Tucker Max Security Unit, Arkansas Department of Correction; S. Outlaw, Assistant Warden, Tucker Max Security Unit, Arkansas Department of Correction; V. King, Classification Supervisor, Tucker Max Unit, Arkansas Department of Correction; M. Williams, Building Major, Tucker Max Security Unit, Arkansas Department of Correction; Darryl Golden, Assistant Warden, Varner Supermax Unit, Arkansas Department of Correction; Greg Harmon, Warden, Arkansas Department of Correction; Green, Ms., Arkansas Department of Correction

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff

_____

Submitted: August 29, 2014
Filed: September 8, 2014
[Unpublished]
_____

Before BYE, SMITH, and KELLY, Circuit Judges.
_____

PER CURIAM.

In this appeal following remand, Arkansas inmate KeOndra Chestang challenges the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action, in which he raised due process and retaliation claims concerning his lengthy period of confinement in administrative segregation. He also challenges the denial of his motion to compel certain records.

Upon de novo review, see Rochling v. Dep't of Veterans Affairs, 725 F.3d 927, 937 (8th Cir. 2013) (standard of review), we conclude that defendants demonstrated with unrebutted evidence that Chestang received the process he was due while he was confined in administrative segregation, see Kelly v. Brewer, 525 F.2d 394, 399-400 (8th Cir. 1975) (where inmate is in administrative segregation for prolonged period, due process requires that his situation be reviewed periodically in meaningful way). We also conclude that Chestang failed to make a triable claim that his confinement was continued in retaliation for exercising his rights under the prison grievance system, see Santiago v. Blair, 707 F.3d 984, 993 (8th Cir. 2013); and that the denial of his motion to compel is not properly before us, because this non-dispositive ruling

_____

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Joe J. Volpe, United States Magistrate Judge for the Eastern District of Arkansas.

was made by the magistrate, and Chestang did not seek review by the district court, see <u>Daly v. Marriott Int'l, Inc.</u>, 415 F.3d 889, 893 n.9 (8th Cir. 2005).

Accordingly, we affirm. <u>See</u> 8th Cir. R. 47B.

_____